UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DISCORD ACCOUNT SERVICED BY DISCORD | ML No. __20-751 |

*Reference:*   *DOJ Ref. # CRM-182-73070; Subject Account: Solento#1066*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Protocol on the application of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union to the Treaty Between the Government of the United States of America and the Government of the Republic of Lithuania on Mutual Legal Assistance in Criminal Matters, Lith.-U.S., June 15, 2005, S. TREATY DOC. No. 109-13 (2006) (hereinafter, the "Protocol"), to execute a request from the Republic of Lithuania ("Lithuania"). The proposed Order would require Discord ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER account associated with *Solento#1066*, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this

application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Protocol Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Lithuania's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Lithuania in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Lithuania are investigating a Lithuanian police officer for unauthorized disclosure or use of information about a person's private life and abuse of office offenses, which occurred January 2020, in violation of the criminal law of Lithuania, specifically, Articles 168 and 228 of the Lithuanian Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Lithuania to provide the requested records to assist in the

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

criminal investigation and/or prosecution. Under the Protocol, the United States is obligated to render assistance in response to the request.

6. According to authorities in Lithuania, on January 19, 2020, Discord account user *Solento#1066*, uploaded a video named "video0.mp4" to the Discord channel "sel". The video shows a fully naked women who has been arrested as she is escorted from a police car in the yard of the Vilnius County Police Headquarters, into the police building.

7. Lithuanian authorities believe that the police officer who arrested the woman is the user of the *Solento#1066* account. The yard of the Vilnius County Police Headquarters is private and only persons detained and brought into the police office can access the yard. Any free movement of persons brought to the police office, both in the yard and inside the premises, is limited and can take place only in the presence of police officers. All persons who were present in the yard during the incident have been identified; there were no strangers in the police yard during the relevant time.

8. According to Lithuanian authorities, the video was made by the police officer who brought the woman to the police office and accompanied her from the police car to the police office. While police officers are obligated to make a video recording of how a detained person is brought into the police office, the use of such a recording is strictly regulated when pertaining to police activities and such information can be used only for police operational purposes.

9. The account *Solento#1066* is serviced by PROVIDER. As a result, Lithuanian authorities seek records from PROVIDER in an effort to confirm that it was the police officer who uploaded the video.

## **REQUEST FOR ORDER**

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Lithuania identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____/s/ Lisa Roberts_____
Lisa Roberts
Trial Attorney
NY Bar Number 2152213
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 305-9330 telephone
(202) 514-0080 facsimile
Lisa.Roberts@usdoj.gov

## Relevant Provisions of Lithuanian Criminal Code

**Article 168.   Unauthorized Disclosure or Use of Information about a Person's Private Life**

1. A person who, without another person's consent, makes public, uses for his own benefit or for the benefit of another person information about the private life of another person, where he gains access to that information through his service or profession or in the course of performance of a temporary assignment or he collects it through the commission of an act provided for in Articles 165-167 of this Code,

shall be punished by community service or by a fine or by restriction of liberty or by arrest or by imprisonment for a term of up to three years.

2. A legal entity shall also be held liable for an act provided for in this Article.

3. A person shall be held liable for an act provided for in this Article only subject to a complaint filed by the victim or a statement by his authorized representative or at the prosecutor's request.

**Article 228   Abuse of Office**

1. A civil servant or a person equivalent thereto who abuses his official position or exceeds his powers, where this incurs major damage to the State, an international public organization, a legal or natural person,

shall be punished by deprivation of the right to be employed in a certain position or to engage in a certain type of activities or by a fine or by arrest or by imprisonment for a term of up to four years.

2. A person who commits the act provided for in paragraph 1 of this Article seeking material or another personal gain, in the absence of characteristics of bribery,

shall be punished by deprivation of the right to be employed in a certain position or to engage in a certain type of activities or by imprisonment for a term of up to six years.